[No. 33921. Department Two. May 2, 1957.]

THE STATE OF WASHINGTON, *Respondent*, v. RAY CHRISTIAN CARLSON, *Appellant.*[1]

[1] Reported in 310 P. (2d) 867.

*Ray Christian Carlson, pro se.*

*Charles O. Carroll* and *W. Anthony Arntson,* for respondent.

DONWORTH, J.—This is an appeal from judgment and sentence entered upon a verdict in which appellant was found guilty of five counts of robbery. Appellant was represented by counsel in the trial court, but has appeared before this court *pro se.*

The state's evidence showed that armed robberies were committed in four grocery stores and a filling station in Seattle on five different dates in November, 1955. The first robbery was committed by two men, one of whom was armed with a gun; the other four robberies were committed by one man armed with a gun. The victims of the respective robberies each identified appellant at the trial as one of the men who committed the first robbery and as the man who committed the other four. They also testified that they had later identified appellant at a police lineup, and two photographs of the lineup were received in evidence. The victims of two of the robberies were each corroborated by an eye witness.

It is not necessary to set forth in detail the state's evidence as to the manner in which each of the robberies was committed. In all of them, the pattern was similar. The robber handed the victim a paper bag and, pointing a gun at him, ordered him to fill it with money from the cash drawer and return it to the robber. When this order was complied with, the robber directed the victim to lie on the floor until he had made his escape. He threatened to put a bullet in the victim's head if he failed to comply with this order.

Appellant took the stand on his own behalf and testified

at some length concerning his prior criminal record. His entire testimony with reference to the five counts in the information consisted of the following:

"Q. Can you recall any others [criminal proceedings]? A. This charge here. Q. Well, now, at this time you have read this information against you, you are aware of these five counts? A. Yes, I am. Q. On the 7th of November, 1955; on the 14th of November, 1955; two on the 15th of November, 1955 and one on the 21st of November, 1955. Did you commit these robberies? A. No, I didn't."

The jury returned a verdict of guilty on each of the five counts, and judgment and sentence were entered thereon, imposing a maximum term of twenty years imprisonment on each count.

There are twelve assignments of error stated in appellant's brief, not all of which need be discussed in this opinion. Appellant contends that the trial court erred in instructing the jury that it could convict him of robbery if it found that he took personal property from the presence of the respective victims by "force *or* violence," whereas the information charged that the taking in each instance was accomplished by "force *and* violence." He urges that the wording of the information required the state to prove the use of both force and violence, and that the jury should have been so instructed.

The pertinent statute, RCW 9.75.010, reads, in part, as follows:

"Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury."

The statute thus defines three different means—force, violence, and putting the victim in fear of injury—by which the crime of robbery may be committed. A single act may constitute robbery by all three means, but such an act only violates the statute once, and is chargeable only as one robbery, not as three.

The rule is that where a single offense may be committed in different ways or by different means, it may be charged in the information as having been committed by

more than one of the ways or means, provided that the ways or means charged are not repugnant to each other; that is, that proof of one will not disprove the other. The state may thereafter convict upon proof that the crime was committed by *one* of the means charged, and a jury instruction in the disjunctive is proper even though the various means of committing the crime were alleged in the information in the conjunctive. *State v. Pettit*, 74 Wash. 510, 133 Pac. 1014 (1913); *State v. Mayer*, 154 Wash. 667, 283 Pac. 195 (1929); *State v. St. Clair*, 21 Wn. (2d) 407, 151 P. (2d) 181 (1944). The court's instruction was not erroneous because of the use of the phrase "force *or* violence."

█ Error is also assigned to the admission in evidence of the two photographs of the police lineup at which several of the witnesses (according to their testimony) had identified appellant. Appellant claims that the photographs were not properly identified by the witnesses at the trial. The record shows, however, that each witness stated that the photographs were accurate representations of the lineup as he saw it. Such identification was sufficient. The photographs were properly admissible as evidence of an extrajudicial identification. See *State v. Wilson*, 38 Wn. (2d) 593, 231 P. (2d) 288 (1951).

The remaining assignments of error concern alleged partiality on the part of the trial judge; the denial of appellant's motion for a new trial; the denial of appellant's request for a free transcript of the hearing on his motion for a new trial; the denial of his motion to have all five counts dismissed; the prosecutor's reference in closing argument to a prior conviction which appellant had admitted on the witness stand; the state's failure to call as a witness appellant's alleged accomplice in the first robbery; the fact that the jury deliberated for only forty-one minutes; the denial of appellant's request for certain unspecified records and files to aid his appeal; and the prosecutor's alleged initial refusal to accept service of the statement of facts. We have examined all of these assignments of error carefully and have found them to be without merit.

█ After a thorough examination of the record, we are

satisfied that appellant was given a fair trial and that his rights were fully protected. The state's evidence was sufficient, if believed by the jury, to support the verdict. The only evidence controverting it was appellant's statement on the stand that he did not commit these robberies. The jury, after having been properly instructed, returned a verdict of guilty as to each of the five counts. This was its function.

Finding no reversible error, the judgment and sentence of the trial court must be, and hereby is, affirmed.

HILL, C. J., SCHWELLENBACH, ROSELLINI, and FOSTER, JJ., concur.

June 5, 1957. Petition for rehearing denied.